IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DALE McKINNEY,**<br>　　　　　Petitioner,<br><br>　　　　v.<br><br>**PHILADELPHIA PRISON SYSTEM,**<br>**LOUIS GIORLA, Commissioner,**<br>**MICHELLE FARRELL, Warden,**<br>**MAJOR ABELLO, Deputy Warden**<br>**(Administration), and**<br>**LT. McALLISTER, Unit Manager DI-3,**<br>　　　　　Respondents. | **CIVIL ACTION**<br><br><br><br>**NO.  15-5716** |

## O R D E R

**AND NOW**, this 4th day of April, 2016, upon consideration of § 2241 Habeas Corpus Petition filed by *pro se* petitioner, Dale McKinney, the record in this case, the Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated January 29, 2016, and *pro se* petitioner's Objections to Report and Reccomendation [sic] **IT IS ORDERED** as follows:

　　　　1.　　The Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated January 29, 2016, is **APPROVED** and **ADOPTED**;

　　　　2.　　*Pro se* petitioner's Objections to Report and Reccomendation [sic] are **OVERRULED**;

　　　　3.　　The § 2241 Habeas Corpus Petition filed by *pro se* petitioner, Dale McKinney, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies;

　　　　4.　　A certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural rulings with respect to petitioner's claims.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

　　　　The decision of the Court is based on the following:

The Court approved and adopted the Report and Recommendation of United States Magistrate Judge David R. Strawbridge ("R&R").  It writes at this time to address *pro se* petitioner's Objections to Report and Reccomendation [sic] ("Objections").

*Pro se* petitioner argues in his Objections that there is a factual dispute as to the content of motions filed in state court which address his speedy trial issues.  The R&R states that there is no evidence to support *pro se* petitioner's claim that motions filed in state court addressed anything other than state law.  On this issue the R&R details what the record discloses about the motions after stating that the motions filed in state court in November of 2014, January of 2015, and October of 2015 were unavailable because of the ongoing litigation in state court.  The state court litigation is still ongoing and has been scheduled for trial conference on May 12, 2016, and trial on May 24, 2016.

The issue raised in *pro se* petitioner's Objections was presented to the Magistrate Judge and rejected in the R&R with which this Court is in complete agreement.  There is nothing in the record to suggest, must less establish, that *pro se* petitioner gave the state court an opportunity to consider any federal claims presented by his § 2241 Petition – his claims that his continued pretrial detention violate his Sixth Amendment speedy trial rights, Fifth Amendment due process rights, and his equal protection rights.  Thus, this Court agrees with the R&R that such claims are unexhausted.  This Court also concurs in the conclusion of the Magistrate Judge that *pro se* petitioner has failed to show extraordinary circumstances that might warrant pretrial review of *pro se* petitioner's unexhausted claims.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**